UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeffrey L. Nielsen,

        Plaintiff,

v.                                                        Civil No. 11-1580 (JNE/TNL)
                                                      ORDER

Stephen Carl Bohnen and
Keith Francis Mueller,

        Defendants.

This case is before the Court on the motion of Defendant Keith Francis Mueller, to dismiss Plaintiff Jeffrey L. Nielsen's claim under the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721–2725 (2006). Defendant Mueller moved pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and Rule 12(b)(6) of the Federal Rules of Civil Procedure for dismissal, or in the alternative, to stay proceedings. For the reasons set forth below, the Court grants Defendant's motion to dismiss under Rule 12(b)(6).

When ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court must accept the facts alleged in the complaint as true and grant all reasonable inferences in favor of the plaintiff. *Mulvenon v. Greenwood*, 643 F.3d 653, 656 (8th Cir. 2011). Although a complaint is not required to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, the complaint alleges that Mueller "disclosed and/or used personal information obtained from motor vehicle records in violation of law." Compl. ¶ 10.  This language is merely a partial recitation of the Driver's Privacy Protection Act, entirely devoid of any factual allegations.  The only facts contained in the complaint with regard to Defendant Mueller are Mueller's state of residency, *id.* ¶ 3, and that the events in question occurred "[o]n or about October 4, 2010," *id.* ¶ 7.  As the Defendant accurately articulates in his memorandum, the complaint "fails to identify any facts to establish what Defendant Mueller . . . allegedly did to violate the statute." Def.'s Mem. Supp. Mot. Dismiss 16.  Furthermore, while a mere "formulaic recitation" is insufficient, this meager complaint fails to provide even that.  It entirely neglects one of the elements of the cause of action—the requirement that the purpose for obtaining, disclosing, or using the information be impermissible under the statute.  *See* 18 U.S.C. § 2722 ("for any use not permitted under section 2721(b) of this title") and § 2724 ("for a purpose not permitted under this chapter").

Because the complaint contains only "[t]hreadbare recitals of the elements of a cause of action," *Iqbal*, 129 S. Ct. at 1940, and fails to allege any facts, the Court dismisses the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court cannot evaluate the applicability of the abstention doctrine, given the paucity of information provided in the complaint.  Any analysis would require speculation as to Plaintiff's theory. The Court therefore declines to reach Defendant's other proposed grounds for dismissal.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant Keith Francis Mueller's Motion to Dismiss [Docket No. 8] is GRANTED.

2. The hearing scheduled for Tuesday, September 6, 2011, at 11:00 a.m. is CANCELLED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 25, 2011

s/ Joan N. Ericksen

JOAN N. ERICKSEN
United States District Judge